JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| George Vidra | The Hertz Corporation; Hertz Vehicles LLC; General Motors Company; Robert Bosch Battery Systems, LLC; and, Robert Bosch, LLC |

**(b)** County of Residence of First Listed Plaintiff   Centre County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lee County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*
Jay L. Edelstein, Esquire, Edelstein Law, LLP; 230 S. Broad Street, Suite 900, Philadelphia, PA 19102; 215.893.9311

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 371 Truth in Lending | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury -   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Personal injury sustained in motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  75,000.00 (IN EXCESS)
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                    DOCKET NUMBER

DATE
07/06/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jay L. Edelstein, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



$4.00

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLAVNIA**



| | |
|---|---|
| George Vidra<br>301 Institution Drive, KY2778<br>Bellefonte, AP 16823<br>    Plaintiff, | :<br>:<br>:   CIVIL ACTION NO.<br>: |
| | : |
|        v.<br>The Hertz Corporation<br>8501 Williams Road<br>Estero, Fl 33928<br>    Defendant, | :<br>:   NO.  **1 8**  **2 9 3 9**<br>:<br>:<br>:   **JURY TRIAL DEMANDED** |
| | : |
| and, | : |
| | : |
| Hertz Vehicle LLC<br>8201 Bartram Avenue<br>Philadelphia, PA 19153<br>    Defendant, | :<br>:<br>: |
| | : |
| and, | : |
| | : |
| General Motors Company<br>P.O. Box 33170<br>Detroit, MI 48232<br>    Defendant, | :<br>:<br>:<br>: |
| | : |
| and, | : |

FILED

JUL 10 2018

By KATE BARKMAN, Clerk
        Dep. Clerk

|  | : |
| Robert Bosch Battery Systems, LLC | : |
| 3740 Lapeer Road | : |
| Orion, MI 48359 | : |
|     Defendant, | : |
|  | : |
| and, | : |
|  | : |
| Robert Bosch, LLC | : |
| 2800 South 25th Avenue | : |
| Broadview, IL 60155-4594 | : |
|     Defendant. | : |
|  | : |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

Defendants, The Hertz Corporation (misnamed, in part, above, Hertz Corp.) and Hertz Vehicles LLC (misnamed, in part, above, Hertz Vehicle, LLC), by and through counsel, Jay L. Edelstein, Esquire, hereby submit notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above-entitled action to this Court and, in support thereof, respectfully represent:

1.    Defendant, The Hertz Corporation, is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business located in the state of Florida.

2.    Defendant, Hertz Vehicles LLC, is a limited liability corporation organized and existing under the laws of the state of Delaware, having its principal place of business located in the state of Florida.

3.    Upon information, knowledge and belief, Plaintiff, George Vidra, is an adult individual and is a citizen and resident of the Commonwealth of Pennsylvania, residing at, and incarcerated in, State Correctional Institute Benner Township, 301 Institution Drive, Bellefonte, PA 16823, and assigned inmate no. KY2778.

4.     Upon information, knowledge and belief, Defendant, General Motors Company, is corporation organized and existing under the laws of the state of Delaware, with its principal place of business located in the state of Michigan.

5.     Upon information, knowledge and belief, Defendant, Robert Bosch Battery Systems, LLC, is a limited liability company organized and existing under the laws of the state of Michigan, with its principal place of business located in the state of Michigan.

6.     Upon information, knowledge and belief, Defendant, Robert Bosch, LLC, is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located in the state of Illinois or Michigan.

7.     On or about June 12, 2018, Plaintiff instituted the above action, by way of Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, as of June Term, 2018; No. 001215, seeking damages for injuries Plaintiff purportedly sustained in a motor vehicle accident allegedly occurring on April 26, 2012.

8.     In his Complaint, Plaintiff seeks damages "in excess of $75,000.00, actual damages, compensatory, incidental and consequential damages, attorney's fees, punitive damages, interest, costs, and for all other Relief deemed just and proper. (Complaint, *ad damnum clauses*).

9.     Diversity of citizenship exists between Plaintiff, a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendants, corporations organized and existing under the laws of states other than the Commonwealth of Pennsylvania and having their principal places of business in states other than the Commonwealth of Pennsylvania.

10.     The said diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this notice of removal. Therefore, as to said claim and cause of action, Defendants are entitled to removal pursuant to 28 U.S.C. § 1441, et seq.

11.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

12.     Upon information, knowledge and belief, based upon review of the docket, no defendants, other than Defendants, Hertz Vehicles LLC and The Hertz Corporation, have yet been served with the Complaint.

13.     Without service on any other Defendant, their consent to removal is not required.

14.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after institution of the within action and receipt of Plaintiff's Complaint by Defendants, Hertz Vehicles LLC and The Hertz Corporation.

WHEREFORE, the above action now pending against Defendants in the Pennsylvania Court of Common Pleas, Philadelphia County is removed therefrom to this Honorable Court.

Respectfully submitted,

**EDELSTEIN LAW, LLP**

Date: July 6, 2018                    By: /s/ Jay L. Edelstein
                                      JAY L. EDELSTEIN, ESQUIRE
                                      Identification No. 30227
                                      230 S. Broad Street, Suite 900
                                      Philadelphia, PA 19102
                                      (215) 893-9311

                                      Attorney for Defendants,
                                      Hertz Vehicles LLC and
                                      The Hertz Corporation

# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division
**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

**JUNE 2018**   **001215**

PLAINTIFF'S NAME
George Vidra

DEFENDANT'S NAME
The Hertz Corporation

PLAINTIFF'S ADDRESS
301 Institution Drive
Bellefonte, PA 16823

DEFENDANT'S ADDRESS
8501 Williams Road
Estero, Florida 33928

PLAINTIFF'S NAME

DEFENDANT'S NAME
Hertz Vehicle LLC

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
8201 Bartram Avenue
Philadelphia, PA 19153

PLAINTIFF'S NAME

DEFENDANT'S NAME
General Motors Company

PLAINTIFF'S ADDRESS

DEFENDANT'S ADDRESS
P.O. Box 33170
Detroit, MI 48232

TOTAL NUMBER OF PLAINTIFFS
1

TOTAL NO. OF DEFENDANTS
5

COMMENCEMENT OF ACTION
[X] Complaint
[ ] Writ of Summons
[ ] Petition Action
[ ] Transfer From Other Jurisdictions
[ ] Notice of Appeal

AMOUNT IN CONTROVERSY
[ ] $50,000.00 or less
[X] More than $50,000.00

COURT PROGRAMS
[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Minor Court Appeal
[ ] Statutory Appeals
[ ] Commerce (Completion of Addendum Required)

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

CASE TYPE AND CODE (SEE INSTRUCTIONS)
20 other personal injury

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)
NONE

Vidra Vs Hertz Corp Etal-CMPLC

18060121500005

IS CASE SUBJECT TO COORDINATION ORDER?
Yes  No
[ ]  [X]
[ ]  [ ]
[ ]  [ ]

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
George Vidra

ADDRESS (SEE INSTRUCTIONS)
301 Institution Drive
Bellefonte, PA 16823

PHONE NUMBER

FAX NUMBER

SUPREME COURT IDENTIFICATION NO.

E-MAIL ADDRESS

SIGNATURE
George Vidra

DATE
5-30-18

O1-101 (REV. 6/08)

Court of Common Pleas of Philadelphia County
Trial Division
## Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **001215** |
| | JUNE 2018 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| George Vidra | Robert Bosch Battery Systems Inc |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 301 Institution Drive Bellefonte, PA 16823 | 3740 Lapeer Road Orion, MI 48359 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | Robert Bosch LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 2800 South 25th Avenue Broadview, IL 60155-4594 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal  ☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☒ Jury  ☐ Non-Jury  ☐ Other: | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☐ Minor Court Appeal  ☐ Statutory Appeals  ☐ Commerce (Completion of Addendum Required) | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**

20   Other personal injury

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

NONE

| IS CASE SUBJECT TO COORDINATION ORDER? | | |
|---|---|---|
| | Yes | No |
| | ☐ | ☒ |
| | ☐ | ☐ |
| | ☐ | ☐ |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| George Vidra | 301 Institution Drive Bellefonte, PA 16823 |
| **PHONE NUMBER**      **FAX NUMBER** | |
| **SUPREME COURT IDENTIFICATION NO.** | **E-MAIL ADDRESS** |
| | |
| **SIGNATURE** George Vidra | **DATE** 5-30-18 |

01-101 (Rev. 6/08)

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
TRIAL DIVISION – CIVIL

George Vidra                                  :
301 Institution Drive, KY2778                 :   No.: _____
Bellefonte, PA 16823                          :        **JUNE 2018**
        Plaintiff,                            :
                                              :        **001215**
                                              :
                v.                            :
                                              :
                                              :
The Hertz Corporation                         :
8501 Williams Road                            :
Estero, Fl 33928                              : JURY TRIAL DEMANDED
        Defendant ,                           :
                                              :
                                              :
and,                                          :
                                              :
                                              :
Hertz Vehicle LLC                             :
8201 Bartram Avenue                           :
Philadelphia, PA 19153                        :
        Defendant,                            :
                                              :
                                              :
and,                                          :
                                              :
                                              :
General Motors Company                        :
P.O. Box 33170                                :
Detroit, MI 48232                             :
        Defendant,                            :
                                              :
                                              :
and,                                          :

Robert Bosch Battery Systems, LLC   :   No.:_____
3740 Lapeer Road   :
Orion, MI 48359   :
    Defendant,   : JURY TRIAL DEMANDED
                                                   :
and,   : :
                                                   :
Robert Bosch, LLC   :
2800 South 25th Avenue   :
Broadview, IL 60155-4594   :
    Defendant.   :

**JUNE 2018**

**001215**

## <u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### Aviso

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIONSE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL

One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-1701

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| George Vidra<br>301 Institution Drive, KY2778<br>Bellefonte, PA 16823<br>　　　Plaintiff, | : | **JUNE 2018**<br>: No.: _____ |
| | : | |
| | : | **001215** |
| v. | : | |
| | : | |
| The Hertz Corporation<br>8501 Williams Road<br>Estero, Fl 33928<br>　　　Defendant , | : | : JURY TRIAL DEMANDED |
| | : | |
| and, | : | |
| | : | |
| Hertz Vehicle LLC<br>8201 Bartram Avenue<br>Philadelphia, PA 19153<br>　　　Defendant, | : | |
| | : | |
| and, | : | |
| | : | |
| General Motors Company<br>P.O. Box 33170<br>Detroit, MI 48232<br>　　　Defendant, | : | |
| | : | |
| and, | : | |

1

Robert Bosch Battery Systems, LLC    :   No.:_____
3740 Lapeer Road                                      :
Orion, MI 48359                                         :
    Defendant,                              : JURY TRIAL DEMANDED
                                   :
and,                                                             :        **JUNE 2018**
                                   :
Robert Bosch, LLC                                   :
2800 South 25th Avenue                           :        **001215**
Broadview, IL 60155-4594                        :
    Defendant.                                 :

## COMPLAINT

     Comes now, Mr. George Vidra, Plaintiff, pro se, that respectfully avers:

## INTRODUCTION

    1.    Plaintiff rented from Defendants, their agents and/or privies, a 2012 Camaro Automobile, which had undisclosed and otherwise concealed manufacturer defects, design defects and component part defects, which resulted in an accident outside of operator control, causing Plaintiff's injuries, damages and the tragic loss of two lives.

## **PARTIES**

2.     Plaintiff, Mr. George Vidra, is an adult individual located at 301 Institution Drive, KY2778, Bellefonte, PA 16823

3.     Defendant the Hertz Corporation is located at 8501 Williams Road, Estero, Florida 33928.

4.     Defendant Hertz Vehicle LLC located at 8201 Bartram Avenue, Philadelphia, PA 19153.

5.     Defendant General Motors Company is located at P.O. Box 33170, Detroit, MI 48232.

6.     Defendant Robert Bosch Battery Systems, Inc., is located at 3740 Lapeer Road, Orion, MI 48359.

7.     Defendant Robert Bosch, LLC, is located at Robert Bosch, LLC, 2800 South 25th Avenue, Broadview, IL 60155-4594.

## VENUE AND JURISDICTION

8.     This Honorable Court has Jurisdiction pursuant to Article V of the Pennsylvania Constitution and Venue is proper as Philadelphia is the location where the Defendants reside or have consented to service and it is the geographic location of the accident and the issues at Bar.

## FACTS

9.     Plaintiff incorporates by reference paragraphs 1 through 8 herein as if stated here in full and at length.

10.    On 3/28/12, Plaintiff made a rental reservation with Defendant Hertz.

11.    On 4/3/12, Plaintiff appeared at Defendant Hertz 8201 Bartram Avenue, Philadelphia, PA location to pick up his reserved rental vehicle.

4

12.    Upon arrival at Defendant Hertz location, Plaintiff was directed to rent a new 2012 Chevy Camaro because Plaintiff was told of its safety features and less than 300 miles registered on its odometer.

13.    Plaintiff agreed to rent the 2012 Chevy Camaro in justifiable reliance upon the Defendants assurances of its fitness for the particular purpose.

14.    Defendant created, presented, and the Plaintiff did sign, Defendants Rental Agreement and insurance paperwork.

15.    Defendants did keep in their sole custody, control and possession, all the documents signed by the Parties and therefore said documents are not attached hereto.

16.    The Vehicle Rental Agreement documents, in their terms and conditions included the Defendants assurances that the vehicle was safe, inspected, and warranted for the particular purpose.

17.    Prior to receiving possession of the Vehicle, Plaintiff watched as the Defendant filled out a vehicle check list.

18.    Defendant provided Plaintiff with the keys, and Plaintiff did drive, the Vehicle a short distance home without incident.

19.    On 4/26/12, Plaintiff started the Vehicle in the morning and the Vehicle had an unusual idle.

20.    Plaintiff pulled out of the parking spot, drove 4-5 blocks before coming to a stop sign on Disston Street, Philadelphia, PA.

21.    Plaintiff turned on the defrosters, changed the radio station, took his foot off the brake pedal, and the 2012 Chevy Camaro suddenly accelerated outside of operator control.

22.    Plaintiff pressed on the brake pedal to counter the sudden acceleration but the vehicle did not respond.

23.    Plaintiff pumped the brakes, and then slammed the brakes, but the Vehicle's uncontrollable acceleration continued outside operator control.

24.    Shortly thereafter, at Dittman and Disston Streets, the Vehicle came to sudden and violent stop when it collided with a 2006 KIA Spectra proceeding through the intersection resulting in injury and death for KIA Spectra occupants.

25.    Plaintiff was knocked unconscious and received permanent injury to his head, neck, back, face, arms, legs, internal organs and psychological state.

26.    Upon regaining consciousness, the disoriented and injured Plaintiff viewed the twisted 2006 KIA Spectra and its unconscious occupants.

27.    Plaintiff's adrenaline empowered him, and Plaintiff stumbled over to the KIA and pulled the female passenger, Kristen Millin, out of the mangled vehicle and away from the accident.

28.    Plaintiff attempted to free the male driver, Frank Schauland, but the vehicle's driver door was too badly damaged to open.

29.   Plaintiff felt helpless, disheveled, distressed, delirious and his extreme physical and emotional caused him to break down into tears.

30.   The Police and local residents arrived and attempted to assist the KIA occupants.

31.   Plaintiff explained to the Police that the 2012 Chevy Camaro suddenly accelerated beyond the Drivers control and the vehicle did not respond to the brake pedal being engaged.

32.   The paramedics arrived and examined the occupants of the KIA vehicle.

33.   The paramedics were unable to revive the occupants, Frank Schauland and Kristin Millin, of the KIA vehicle and pronounced them dead as a result of the accident.

34.   The Police placed the Plaintiff under arrest and transported him to a local hospital where Plaintiffs' blood was drawn and tested.

35.   Expert examination by Doctor Lawrence Guzzardi, M.D., of Plaintiff's blood tests confirmed that the Plaintiff was not intoxicated at the time of the accident.

36. The Philadelphia District Attorney's Office decided to charge the Plaintiff with assorted felonies, including homicide by vehicle, because two people died in the accident, believing that the rented 2012 Camaro was brand new, with less than 300 miles on the odometer and the 2012 Camaro was not subject to any known recalls or manufacturer defects.

37. Plaintiff was convicted and placed in jail for twenty (20) years of incarceration for homicide by vehicle.

38. From 4/26/12 to May of 2018, Plaintiff attempted to obtain proof, verification and/or confirmation that the 2012 Chevy Camaro he rented was defective which caused the accident outside the operators control.

39. Plaintiff diligently sought help and information from the Hertz Corporation, the General Motors Company, Hertz Vehicle LLC, the Robert Bosch LLC, and the Robert Bosch Battery Systems LLC, but to no avail.

40. The Plaintiff sought assistance from the Philadelphia District Attorney's Office but to no avail.

41.   Plaintiff attempted to seek assistance from the Court of Common Pleas but the Plaintiff's Petition was dismissed for lack of proof that the rented 2012 Chevy Camaro contained any defects or was otherwise subjected to recall.

42.   Again the Plaintiff sought information from the Defendants, but letters went unanswered, subpoenas were ignored, and the Defendants did jointly and severally engage in obstructive, misleading and otherwise obdurate conduct in efforts to conceal the truth from the Plaintiff.

43.   In April and May of 2018, the Plaintiff received a packet which contained documentation which confirmed that the 2012 Camaro he rented from Defendants was subjected to Recall, manufacturer defects in the electronic, electric, ignition and airbag systems which caused sudden acceleration, braking problems and other operational problems outside of the drivers control.

44.   Again Plaintiff contacted the Defendants, jointly and severally, but to no avail, as Defendants offered either no comment and/or directed Plaintiff to their legal department which refused to speak or otherwise correspond with the Plaintiff.

45.   Defendants engaged in extensive research and development regarding the 2012 Camaro, its component parts, and systems, prior to its release and sale to the Public.

46.   Prior to release, testing did provide the Defendants with actual or constructive knowledge of the 2012 Camaro's problems, safety hazards and defects, including those in the EDR, ETC, ECM, and ACM computer modules, ignition system, airbag system, electric and electronic systems which were willfully, recklessly or negligently disregarded by the Defendants jointly and severally, (Crash Data Recorder Module ("CDR") , Engine Control Module ("ECM"), Airbag Control Module ("ACM"), Event Data Recorder Module ("EDR"), and the dozens of computer chip modules that control vehicle functions or record data, are herein collectively as ("EDR")).

47.   The Defendants have been sued and found liable for accidents resulting in injury and death caused by the Defendants defective design, manufacture, sale and rental of vehicles subject to recall and defects including those in the 2012 Camaro, rented to the Plaintiff with vin #2G1FK3DJ7C9186213.

48.   The National Highway Traffic Safety Administration ("NHTSA") has documented numerous complaints and occurrences of sudden unintended acceleration in vehicles which contain electronic control modules ("ECM") without mechanical linkage to the accelerator pedal.

49.   The Plaintiff's rented 2012 Camaro was equipped with a throttle drive by wire system, electronically controlled by the engine control module ("ECM") without mechanical linkage to the accelerator pedal, causing the system to engage in unintended acceleration and braking system failures in the 2012 Camaro recalled vehicles.

50.   When an unintended acceleration event takes place in the 2012 Camaro recalled vehicles, the Electronic Throttle Controller ("ETC") remains open, reducing vacuum to the braking system causing the braking system not to respond to operator activation or control.

51.   Defendants have admitted that the 2012 Camaro rented to the Plaintiff was subjected to ignition switch defects causing the run circuit to exaggerate voltage fluctuations in the switch contacts and the computer modules resulting in sudden unintended automated actions of the vehicle outside the operator's control.

52.   The Defendants, including Defendant General Motors, acknowledged that the 2012 Camaro recall defects have also sporadically effected the vehicles central processing unit ("CPU") resulting in unpredictable actuator control outputs to the Electronic Throttle Controller ("ETC") outside of operator control causing accidents resulting in serious injury and death.

53.   The defects in the 2012 Camaro caused the accident involving the Plaintiff on 4/26/12 causing Plaintiff's damages.

54.   Defendants jointly and severally did confirm that mechanical, electric and electronic system defects caused ignition problems, steering problems, braking failures, sudden acceleration, and EDR unreliability resulting in causing accidents and deaths in recalled vehicles, including the 2012 Camaro recalled vehicle.

55.   Defendant Manufacturer did recall the 2012 Camaro rented from Hertz by Plaintiff in the instant case.

56.   Defendants confirm defects in the 2012 Camaro caused ignition and electrical systems to fail.

57.   Defendants confirm that failures in the ignition, electric system and EMI signals caused electronic modules such as CDR, ECM, ACM and EDR data to be unreliable, incorrect and otherwise faulty.

58.   Defendants confirm that failure in the electric and electronic systems cause steering, braking and acceleration modules to fail in vehicles.

59.   Defendants confirm that failures in steering, braking and acceleration modules causes steering, acceleration and brakes to perform in erratic manner and out of user control resulting in accidents and death.

60.   Defendants confirm that manufacturer defects in the recalled 2012 Camaro caused accidents and death that are not the fault of the user.

61.   Accident reconstruction of the 4/26/12 accident is consistent with recall mechanical failures causing the accident of 4/26/12 involving the Plaintiff.

62.   Accident scene photographs are consistent with recall mechanical failures causing the accident.

63.   Witness testimony is consistent with recall manufacturer failures causing the accident.

64.   Defects in recalled 2012 Camaro caused Defendants to be sued and pay judgments and settlements.

65.   Lawsuits and settlements forced Defendants to issue recalls of 2012 Camaro.

66.   Vehicle recalls forced Defendants to disclose manufacturer defects stated herein causing accidents and death.

67.   Lawsuits and settlements forced Defendants to reveal that recalled vehicles electric and electronic systems that control steering, brakes and ignition were subject to obstruction and unreliability.

68.   Defendant manufacturer confirms that drivers are not in control of recalled vehicle when defects cause systems to fail.

69.   Defendants confirm that drivers not in control when electric systems are failing in recalled vehicles.

70.   Plaintiff avers that manufacturers defects causing drivers not to be in control of recalled vehicles steering, braking and ignition is a defense to any crimes charged resulting from the 4/26/12 accident.

71.   Crash Data Recorder Module ("CDR") , Engine Control Module ("ECM"), Airbag Control Module ("ACM"), Event Data Recorder Module ("EDR"), and the dozens of computer chip modules that control vehicle functions or record data, are herein collectively as ("EDR").

72.   In a majority of today's vehicles, including the recalled 2012 Camaro, most every major vehicle function is predicate controlled via "Coulomb" of electrons (6.25 x 10 to the 10th power of electrons per second) through minicomputer modules that sends commands to steering, brakes, ignition, acceleration, climate, locks, and with a variety of other background systems unknown to most users, with these modules being subject to defects and flaws.

73.   EDR's are subject to operation and data corruption.

74.   EDR operation corruptions include vehicle acceleration, braking and steering out of operator control.

75.   EDR's data corruption include data input, data storage, data download, and data printout corruption.

76.   Defendants confirm that EDR operations and data are corrupted by flawed electrical Coulomb input.

77.   Defendants confirm that the recalled 2012 Camaro's EDR is a proprietary system.

78.   EDR's are not reliable in recalled vehicles.

79.   The EDR downloads and prints in "Hexadecimal" symbols.

80.   The EDR Hexadecimal creation, storage, retrieval, download, printout and interpretation is proprietary with an average 9% margin of error, which ca increase exponentially in recalled vehicles.

81.   The Defendants confirm that EDRs are subject to error from a low or high voltage, EDR data is not time-stamped, EDRs may combine Hexadecimal data from multiple speeding and braking events from different days into a single accident download, the Bosch Crash Data Retrieval ("Bosch CDR") tool downloads EDR data in two (2) stages after "rehashing" the data to disregard discrepancies and to summarize similarities thus rendering Hexadecimal data retrieved, not translated or assumed by program to overcome incomplete and inconsistent data, and a Bosch CDR is the only publicly available product capable of downloading data from GM proprietary EDRs, the software's conversion of the Hexadecimal data into a human readable format cannot be independently verified by the public allowing Defendants concealment of information and data.

82. The defects in the 2012 Camaro rented to the Plaintiff did actually and proximately cause the 4/26/12 accident involving the Plaintiff and the 2006 KIA Spectra and its occupants.

83. Defendants, jointly and severally, knew or should have known of the dangers the recalled 2012 Camaro posed to the Plaintiff and the Public.

84. Defendants, jointly and severally, willfully, recklessly or otherwise negligently permitted, assisted or otherwise profited from providing the 2012 Camaro to the Plaintiff in a dangerous, defective or otherwise recalled condition.

85. The defective dangerous or otherwise recalled 2012 Camaro did actually and proximately did cause Plaintiff's 4/26/12 accident which resulted in injuries, Plaintiff's damages, and death.

86. Defendants, jointly and severally, did fail to warn the Plaintiff of the rented 2012 Camaro's defective or potentially dangerous condition.

87. Defendants, jointly and severally, did fail to remedy or correct the 2012 Camaro's defective or potentially dangerous condition prior to manufacture, sale or rental to the Plaintiff.

88.   Defendants, jointly and severally, did warrant and guarantee that the 2012 Camaro was safe and free from defects upon sale and/or rental to the Plaintiff.

89.   Plaintiff was an intended user and consumer of the 2102 Camaro.

90.   From 2012 to 2018 the Defendants, jointly and severally, have used deception, denial and skullduggery in their attempts to avoid liability and responsibility for their acts, omissions and their defective and dangerous products.

91.   The acts and omissions of the Defendants, jointly and severally, were extreme and outrageous.

92.   Plaintiff respectfully moves for a Jury Trial for all issues and claims triable.

## COUNT I

## PRODUCTS LIABILITY – MANUFACTURING DEFECT DESIGN DEFECT FAILURE TO WARN DEFECT (PLAINTIFF VS. ALL DEFENDANTS)

93.    Plaintiff incorporates by reference paragraphs 1 through 92 herein as if stated here in full and at length.

94.    To plead a products liability claim, plaintiff's complaint must allege: (1) the product was defective, (2) the defect must be a substantial factor in causing plaintiff's injuries; and, (3) the defect must exist at the time the product left the defendants control.  Phillips v. Cricket Lighters, et al., 773 A.2d 802 (Pa. Super. 2001).

95.    The 2012 Chevy Camaro and its component parts were designed defectively, manufactured defectively and lacked warning of defects or potential defects.

96.    The 2012 Camaro rented to the Plaintiff was defective.

97.   The defects in the 2012 Camaro and its component parts were a substantial factor in causing the vehicles sudden unintended acceleration outside of operators control and the reduction or loss of braking which resulted in Plaintiff's accident on 4/26/12 causing Plaintiff's injuries, damages and the tragic loss of two lives.

98.   The defects in the 2012 Camaro and its component parts existed at the time the 2012 Camaro and its component parts left the control of the Defendants, jointly and severally.

99.   The 2012 Camaro and its component parts were designed defectively causing them to be unsafe for their intended use by  the Public and the plaintiff.

100.  The Defendants knew or should have known from their years of research, development and testing that the 2012 Camaro and its component parts may be defective or potentially dangerous to the Public, the plaintiff and other intended users.

101.  The Defendants failure to warn of the products potentially dangerous condition or defects rendered the product unreasonably dangerous to the Plaintiff and Public.

102. The Defendants failure to warn was the actual and proximate cause of the 4/26/12 accident and Plaintiff's injuries, damages and the tragic loss of two lives.

103. The 2012 Camaro manufacturer defects and design defects did result in a Recall of the 2012 Camaro and a present warning to Consumers, the Public and other intended users.

104. The Defendants after the Recall of the 2012 Camaro and acknowledging that the product left their control unsafe for its intended use and lacking elements necessary to make it safe for its intended use, were forced to make design and manufacturer changes to correct the defects, although too late in time to prevent Plaintiff's injuries, damages and the tragic loss of two lives.

105. The acts and omissions of the Defendants, jointly and severally, did actually and proximately cause Plaintiff's injuries and damages.

106. As the actual and proximate cause of Defendants acts and omissions herein stated Plaintiff did suffer an accident on 4/26/12, loss and physical injuries including serious and permanent injuries to his brain, head, neck, back, chest, face, arms and legs, causing migraine headaches, blurred vision, back and neck pain, sleeplessness, bruising, and inability to remember, and emotional injuries, need of counseling, loss of liberty and financial losses in excess of one million dollars.

**WHEREFORE**, for the foregoing reasons, plaintiff demands judgment in his favor and against named Defendants, jointly and severally, for all damages allowed at Law for issues triable, including damages in excess of $75,000.00 dollars, actual damages, compensatory, incidental and consequential damages, attorney's fees, punitive damages, interests, costs, and for all other Relief deemed just and proper.

## COUNT II

## BREACH OF CONTRACT, BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE (PLAINTIFF V. ALL DEFENDANTS)

107.  Plaintiff incorporates by reference paragraphs 1 through 106 herein as if stated here in full and at length.

108.  To plead a cause of action for a Breach of Contract a Plaintiff must allege: (1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract; and, (3) resultant damages.  Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053 (Pa. Super. 1998).

109.  For cases involving a breach of the implied warrantee of Merchantability, any party injured by a defective product may sue any party in the distributive chain.  French v. Commonwealth Associates, Inc., et al., 980 A.2d 623 (Pa. Super. 2009).

110. The Plaintiff rented a 2012 Camaro from the Defendants for good and valuable consideration, via a written contract, which is in the sole and exclusive custody and possession of the Defendants, of which Plaintiff was not provided a copy for Pa.R.Crim.P. 1019(i) attachment.

111. The essential terms of the contract were that for good and valuable consideration, received and acknowledged by Defendants, Plaintiff would be provided, for term use, a brand new 2012 Chevy Camaro with less than 300 miles on the odometer, to drive, transport and travel to and from locations within Pennsylvania.

112. Plaintiff's contract with the Defendants expressly and impliedly warranted the merchantability and fitness of the 2012 Camaro for Plaintiff's purposes.

113. Plaintiff was a consumer and an intended user of the product and Plaintiff did use the product for its ordinary purposes.

114. The 2012 Camaro supplied by the Defendants was defective, subject to recall, was not fit for merchantability, and was not fit for any particular purpose, and, it was unfit for its ordinary use by the Plaintiff.

26

115. The defective 2012 Camaro supplied by the Defendants to the Plaintiff did breach their contract with the Plaintiff, and did breach the implied warranty of merchantability and fitness for a particular purpose, owed by the Defendants to the Plaintiff and the Public.

116. The Defendants defective design, defective manufacture, sale and rental of the defective 2012 Camaro and its defective component parts did actually and proximately cause Plaintiffs 4/26/12 accident, Plaintiff's injuries, damages and the tragic loss of two lives.

117. The Defendants acts and omissions, jointly and severally, were the actual and proximate cause of Plaintiff's injuries and damages including severe and permanent injuries to Plaintiff's brain, head, neck, back, chest, arms, legs, loss of memory, inability to concentrate, loss of liberty and psychological and emotional injuries including grief, depression, anxiety, nightmares and financial loss in excess of one million dollars.

**WHEREFORE**, for the foregoing reasons, Plaintiff demands judgment in his favor and against named Defendants, jointly and severally, for all damages allowed at law for issues triable, including damages in excess of $75,000.00 dollars, actual damages, compensatory, incidental and consequential damages, attorney's fees, punitive damages, interests, costs, and for all other Relief deemed just and proper.

## COUNT III

## NEGLIGENCE, NEGLIGENCE PER SE, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (PLAINTIFF VS. ALL DEFENDANTS)

118.  Plaintiff incorporates by reference paragraphs 1 through 117 herein as if stated here in full and at length.

119.  The Defendants, jointly and severally, were negligent, the Defendants were negligent per se, and, the Defendants negligently inflicted emotional distress upon the Plaintiff.

120.  To state a claim for Negligence a Plaintiff's Compliant must allege: duty, breach, causation and damages.  Toney v. Chester County Hosp., 614 Pa. 98 (Pa. 2011).

121.  Defendants, jointly and severally, had a common law duty and a statutory duty owed to the Plaintiff.

122. The Defendants, jointly and severally, did breach their duties owed to the Plaintiff by defectively designing, defectively manufacturing, defectively researching, defectively testing, and defectively placing into the stream of commerce, a defective 2012 Camaro and its component parts, which was placed for sale and rented to the Plaintiff.

123. The Defendants negligently designed, manufactured, supplied parts, researched, tested, inspected, sold and rented, the defective 2012 Camaro to the Plaintiff, which actually and proximately cause the vehicle sudden unintended acceleration, braking failures, ignition failures, airbag failures and computer module failures, resulting in Plaintiff's 4/26/12 accident, Plaintiff's injuries and damages and the tragic loss of two lives.

124. The Defendants acts, omissions and negligence did actually and proximately cause Plaintiff's injuries and damages more fully stated in paragraphs 93 through 123 Supra, and incorporated herein as if stated here in full and at length.

**WHEREFORE**, for the foregoing reasons, Plaintiff demands judgment in his favor and against named Defendants, jointly and severally, for all damages allowed at law for issues triable, including damages in excess of $75,000.00 dollars, actual damages, compensatory, incidental and consequential damages, attorney's fees, punitive damages, interests, costs, and for all other Relief deemed just and proper.

## COUNT IV

## CIVIL CONSPIRACY, FRAUD, AND VIOLATIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (PLAINTIFF VS. ALL DEFENDANTS)

125.  Plaintiff incorporates by reference paragraphs 1 through 124 herein as if stated here in full and at length.

126.  The Defendants, jointly and severally, did engage in Civil Conspiracy, Fraud, and in violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

127.  To state a claim for Civil Conspiracy a plaintiff's complaint must allege: that two of more persons combined or agreed with an intent to do an unlawful act or to do an otherwise lawful act by unlawful means.  Lackner v. Glossner, 892 A.2d 21 (Pa. Super. 2006).

128.  Defendants, jointly and severally, did agree one with another to place into the stream of commerce for the use, sale and rental to the Public and the Plaintiff, a defective 2012 Camaro and its component parts, knowing through testing and research that it was unsafe, potentially unsafe, defective or otherwise in a potentially

unreasonable dangerous condition, for the purposes and objectives of profiting from its purchases, sales, and rentals.

129. Defendants, jointly and severally, knowingly made false representations to the Public and the Plaintiff, in which the Plaintiff did justifiably rely upon, being that the 2012 Camaro and its component parts were new, safe, reliable, thoroughly researched, tested, of the highest quality, and in no way defective, potentially dangerous or otherwise in a potential unreasonable dangerous condition.

130. The Defendants, jointly and severally, misrepresented the condition, testing, research, safety, quality and the potential, dangerous condition of the 2012 Camaro and its component parts.

131. The Defendants misrepresentations did profit the Defendants, but did actually and proximately cause Plaintiff's injuries, damages and the tragic loss of two lives, more fully stated in paragraphs 93 through 130 Supra and incorporated herein by reference as if stated here in full and at length.

132.  The acts and omissions of the Defendants, jointly and severally, were extreme, outrageous and demonstrated a callous disregard for the safety of the Public and the Plaintiff warranting the award of punitive damages and treble damages.

**WHEREFORE**, for the foregoing reasons, Plaintiff demands judgment in his favor and against named Defendants, jointly and severally, for all damages allowed at law for issues triable, including damages in excess of $75,000.00 dollars, actual damages, treble damages, compensatory, incidental and consequential damages, attorney's fees, punitive damages, interests, costs, and for all other Relief deemed just and proper.

Respectfully submitted,

Dated: 5-30-18

_George Vidra_

Mr. George M. Vidra
301 Institution Drive, KY2778
Bellefonte, PA 16823
Plaintiff

34

# **VERIFICATION**

I, Mr. George M Vidra, Plaintiff, do hereby verify the statements

herein made are true and correct to the best of my information,

knowledge and belief and are made subject to the penalties of 18

Pa.C.S. §4904 relating to unsworn falsification to authorities.

Date: 5-30-18

George Vidra

Mr. George M. Vidra
301 Institution Drive, KY2778
Bellefonte, PA 16823
Plaintiff

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the

Public Access Policy of the Unified Judicial System of Pennsylvania:

Case Records of the Appellate and Trial Courts that require filing

confidential information and documents differently than

non-confidential information and documents.

Date: 5-30-18

Mr. George M. Vidra
301 Institution Drive, KY2778
Bellefonte, PA 16823
Plaintiff

COMMONWEALTH OF PENNSYLVANIA     )
                                                  )     ss:

COUNTY OF PHILADELPHIA             )

## <u>AFFIDAVIT</u>

     JAY L. EDELSTEIN, ESQUIRE, being duly sworn according to law, deposes and says

that he is the attorney for Defendants, The Hertz Corporation and Hertz Vehicles LLC; that, he

has read the foregoing Notice and knows the contents thereof; that, he is authorized to make this

Affidavit on behalf of Defendants, The Hertz Corporation and Hertz Vehicles LLC; and, that the

facts alleged in the Notice are true and correct to the best of his knowledge, information and

belief.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOELLE L. HASSANO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 27, 2020

_____
JAY L. EDELSTEIN, ESQUIRE

SWORN to and SUBSCRIBED
Before me this  **6**  day of
July       , 2018.

_____
NOTARY PUBLIC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLAVNIA

| | | | |
|---|---|---|---|
| GEORGE VIDRA | | : | |
| | | : | |
| v. | | : | CIVIL ACTION NO. |
| | | : | |
| HERTZ CORP. | and | : | |
| HERTZ VEHICLE, LLC | and | : | NO. |
| GENERAL MOTORS COMPANY | and | : | |
| ROBERT BOSCH BATTERY | | : | |
| SYSTEMS INC. | and | : | |
| ROBERT BOSCH, LLC | | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of

Removal, was served upon the following by U.S. First Class Mail on the date indicated below:

George Vidra, KY2778
301 Institution Drive
Bellfonte, PA 16823
*Pro Se Plaintiff*

General Motors Company
P.O. Box 33170
Detriot, MI 48232
*Defendant*

Robert Bosch Battery Systems, LLC
3740 Lapeer Road
Orion, MI 48359
*Defendant*

Robert Bosch, LLC
2800 South 25th Avenue
Broadview, IL 60155-4594
*Defendant*

### EDELSTEIN LAW, LLP

Date: July 6, 2018

By: /s/ Jay L. Edelstein
JAY L. EDELSTEIN, ESQUIRE
Identification No. 30227
230 S. Broad Street, Suite 900
Philadelphia, PA 19102
(215) 893-9311

*Attorney for Defendants,*
*Hertz Vehicles LLC and*
*The Hertz Corporation*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___George Vidra, KY2778, SCI-Benner Township 301 Institution Drive, Bellefonte, PA 16823___

Address of Defendant: ___The Hertz Corporation, 8501 Williams Road, Estero, FL 33928___

Place of Accident, Incident or Transaction: ___Dittman and Disston Streets, Philadelphia, PA___

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___07/06/2018___     _____     ___30227___
_____     _____
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify): _____*

**B.** ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
_____     _____
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| George Vidra | : | CIVIL ACTION |
| v. | : | |
| The Hertz Corporation, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )


| | | |
|---|---|---|
| | | The Hertz Corporation and |
| _07/06/18_ | _Jay L. Edelstein, Esquire_ | Hertz Vehicles LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| _215.893.9311_ | _215.893.9310_ | _jedelstein@edelsteinlaw.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02