# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE VIDRA,<br>        Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, HERTZ VEHICLE LLC, GENERAL MOTORS COMPANY, ROBERT BOSCH BATTERY SYSTEMS, LLC AND ROBERT BOSCH LLC,<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-2939 |

## MEMORANDUM OPINION

This suit arises from a tragic car accident that occurred on April 26, 2012, which left two victims dead and Plaintiff, George Vidra, behind bars. Since the time of the accident, Plaintiff has maintained that it was caused by a defect with the rented 2012 Chevy Camaro he was driving on the day of the accident. Proceeding *pro se*, Plaintiff now seeks to recover damages from various corporate entities that he argues are responsible for the alleged defect, including: The Hertz Corporation and Hertz Vehicle, LLC (collectively "the Hertz Defendants"), which rented Plaintiff the vehicle; General Motors Company, which manufactured the vehicle; and, Robert Bosch Battery Systems and Robert Bosch LLC (collectively "the Bosch Defendants"), which manufactured a defective component of the vehicle. The Hertz and the Bosch Defendants have filed Motions to Dismiss Plaintiff's claims on the ground that Plaintiff's claims are time barred.[1]

For the reasons below, Defendants' Motions to Dismiss will be granted and Plaintiff's Complaint will be dismissed as to the Hertz and the Bosch Defendants.

---

[1] Defendant General Motors has filed neither a Motion to Dismiss nor Responsive Pleadings in this matter.

**I.    Facts**

Plaintiff is George Vidra, who is currently serving a twenty-year jail sentence in Pennsylvania state prison for homicide by vehicle.[2] The accident that led to Plaintiff's incarceration occurred on April 26, 2012. On that date, Plaintiff was driving a 2012 Chevrolet Camaro that he had rented from the Hertz Defendants, which assured Plaintiff that the Camaro was safe to drive. Nevertheless, while driving through Philadelphia, the vehicle "suddenly accelerated outside of operator control." Although Plaintiff pressed the brakes, the vehicle continued to accelerate until it violently collided with another vehicle. The crash left Plaintiff badly injured and resulted in the death of the two passengers in the other vehicle.

The Complaint alleges that when the police arrived at the scene "Plaintiff explained to the Police that the 2012 Chevy Camaro suddenly accelerated beyond the [his] control and the vehicle did not respond to the brake pedal being engaged." "From 4/26/12," onwards Plaintiff "attempted to obtain proof" from Defendants "verification and/or confirmation that the 2012 Chevy Camaro he rented was defective which caused the accident outside the operators control." Plaintiff contends that Defendants refused to answer inquiries from Plaintiff and "used deception" in their attempts to avoid liability.

According to the Complaint, the impetus for the current suit is that "[i]n April and May of 2018," Plaintiff received information regarding a recall issued for the 2012 Camaro model, along with other vehicles, due to manufacturing defects. Specifically, Plaintiff alleges that the defects included problems with "the electronic, electric, ignition and airbag systems which caused sudden acceleration, braking problems and other operational problems outside of the driver[']s control."

---

[2] This action was initially filed in state court and then removed by the Hertz Defendants. The facts come from Plaintiff's Complaint.

2

Plaintiff filed this action in state court on May 30, 2018,[3] bringing claims against all Defendants for: (1) manufacturing defect; (2) design defect; (3) failure to warn; (4) breach of contract; (5) breach of implied warranty of merchantability; (5) breach of implied warranty of fitness for a particular purpose; (6) negligence; (7) negligence per se; (8) negligent infliction of emotional distress; (9) civil conspiracy; (10) fraud; and, (11) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[4]

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. *Id.* at 683. Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555). Nevertheless, when analyzing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Legal conclusions

---

[3] Plaintiff signed the Complaint on May 30, 2018 and it was docketed in Philadelphia County Court of Common Pleas as of the June Term. The "prisoner mailbox rule" provides that "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

[4] Plaintiff has filed, pursuant to Rule 12(f), a Motion to Strike the Bosch Defendants' Motion to Dismiss for failing to conform to the requirements of Rule 10. ECF No. 16. The Motion to Strike will be denied because documents outside of pleadings, including motions to dismiss, are not subject to Rule 12(f). *See, e.g.*, *Wonderland Nurserygoods Co., Ltd. v. Thorley Indus., LLC*, 2013 WL 2471801 (W.D. Pa. 2013); *see also* 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

are disregarded, well-pleaded factual allegations are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 211.

### III.  Discussion

Moving Defendants seek to dismiss Plaintiff's claims on the ground that the statutes of limitations have run. Although the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the Answer, "the law of this Circuit . . . permits a limitations defense to be raised by a motion under Rule 12(b)(6)" so long as "the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135-36 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

Under Pennsylvania law, "the limitations period begins to run when a cause of action accrues; *i.e.*, when an injury is inflicted and the corresponding right to institute a suit for damages arises." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). The Pennsylvania Supreme Court has rejected a line of cases that keys "the commencement of the limitations period to such times as the plaintiff has actual or constructive knowledge of her cause of action." *See Wilson v. El-Daief*, 964 A.2d 354, 363 (Pa. 2009). Instead, Pennsylvania employs a "stricter approach grounded on inquiry notice, tying commencement of the limitations period to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.'" *Id.* at 364. "Generally speaking, in a suit to recover damages for personal injuries," the right to institute and maintain a suit "arises when the injury is inflicted." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).

The discovery rule provides a "narrow" exception to the general rule that limitation

4

period commences when the injury is inflicted. *Gleason*, 15 A.3d at 484. When the injury is latent or "the causal connection between an injury and another's conduct is not apparent," then the discovery rule "may operate to toll the statute of limitations until the plaintiff discovers, or reasonably should discover, that she has been injured and that her injury has been caused by another party's conduct." *Id.* at 361-62. "Mistake, misunderstanding, or lack of knowledge," however, "do[es] not toll the running of the statue." *Fine*, 870 A.2d 857. Moreover, the Third Circuit has suggested that "a more restrictive approach to the discovery rule may well be appropriate in the [automobile] accident context" because "[t]he accident itself will almost always be the specific event, which places the burden on the injured party to determine within the statutory period the party or parties whose negligence or breach of duty was responsible." *McGowan v. Univ. of Scranton*, 759 F.2d 287, 302 (3d Cir. 1985) (internal quotations and alternations omitted); *see, e.g., Schach v. Ford Motor Co.*, 210 F.R.D. 522, 527 (M.D. Pa. 2002) (concluding that the discovery rule did not apply to a suit against the manufacturer of allegedly faulty tires that led to plaintiff's accident because plaintiff was on inquiry notice from the date of the accident).

The Complaint alleges that the fatal accident occurred on April 26, 2012. Because Plaintiff's claims seek "to recover damages for personal injuries," Plaintiff's cause of action accrued "when the injury was inflicted"—that is, the day of the accident. *Fine*, 870 A.2d at 857. Moreover, the discovery rule does not save Plaintiff's claims because "[t]he accident itself . . . place[d] the burden on [Plaintiff] to determine within the statutory period the party or parties whose negligence or breach of duty was responsible." *McGowan*, 759 F.2d at 302. Even casting the allegations in the most favorable light to the Plaintiff, the Complaint alleges that, at the time of the accident, Plaintiff was aware of a causal link between the harm suffered and the vehicle's

5

alleged malfunction. At the scene of the accident, "Plaintiff explained to the Police that the 2012 Chevy Camaro suddenly accelerated beyond [his] control and the vehicle did not respond to the brake pedal being engaged." Further, "[f]rom 4/26/12," Plaintiff "attempted to obtain proof, verification and/or confirmation that the 2012 Chevy Camaro he rented was defective which caused the accident outside the operator[']s control." Although Plaintiff may not have known the "precise cause" of the crash, *Wilson*, 964 A.2d at 36, the accident put Plaintiff on inquiry notice and commenced the limitations period.

Plaintiff filed his Complaint in state court on May 30, 2018, which was more than six years after the limitations period began to run. Pennsylvania law provides for the following statutes of limitations: two years for claims sounding in negligence, products liability, fraud, and civil conspiracy,[5] *see* 42 Pa. C.S.A. § 5524; four years for claims sounding in breach of contract and breach of warranties, *see* 42 Pa. C.S.A. § 5525; 13 Pa. C.S.A. § 2725; and, six years for a claim under the UTPCPL, *see* 42 Pa. C.S.A. § 5527; *see also Gabriel v. O'Hara*, 534 A.2d 488, 496 (Pa. Super. 1987) (finding the six-year catchall period of limitations applies to claims under the UTPCPL). All of Plaintiff's claims fall outside their respective statutes of limitations and therefore are untimely.

Plaintiff argues that the statutes of limitations should be tolled because Defendants "engage[d] in obstructive, misleading and otherwise obdurate conduct in efforts to conceal the truth" regarding defects with his rented vehicle. Specifically, Plaintiff argues that although he "sought information from the Defendants," they ignored his requests. Further, Plaintiff argues

---

[5] Under Pennsylvania law, "the statute of limitations for civil conspiracy is identical to the statute of limitations for the underlying substantive offense[.]" *Ammlung v. City of Chester,* 494 F.2d 811, 814 (3d Cir. 1974). The Complaint alleges that Defendants engaged in a civil conspiracy by agreeing "to place into the stream of commerce for the use, sale and rental . . . a defective 2012 Camaro," so the alleged underlying substantive offense is a products liability claim. The statute of limitations for the civil conspiracy claim, then, is the same as the products liability claim, which is two years.

6

that the recall of the 2012 Camaro model establishes that Defendants fraudulently concealed from Plaintiff information regarding a defect with the specific vehicle Plaintiff was driving on the day of the incident.

"Pennsylvania's fraudulent concealment doctrine tolls the statute of limitations where 'through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry.'" *Mest v. Cabot Corp.*, 449 F.3d 502, 516 (3d Cir. 2006) (quoting *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir. 1985)). Under the fraudulent concealment doctrine, "[t]here must be an affirmative and independent act of concealment that would divert or mislead the plaintiff from discovering an injury." *Bohus v. Beloff*, 950 F.2d 919, 925 (3d Cir. 1991). The Third Circuit has made clear, however, that "[s]ilence can constitute fraud only where there is an affirmative duty to disclose because of a fiduciary relationship between the parties or a similar relationship of trust and confidence." *Mest*, 449 F.3d at 517.

*Ardnt v. Johnson & Johnson*, 67 F.Supp.3d 673 (E.D. Pa. 2014), is illustrative of this last principle. There, plaintiff alleged that a defective dose of Infants' Tylenol manufactured by Johnson & Johnson caused his son's death. *Id.* at 679. Although the claim was time barred, Plaintiff argued that the statute of limitations should be tolled because Johnson & Johnson engaged in fraudulent concealment by failing "to inform [plaintiff] or the public of various manufacturing issues," which eventually led to a recall of the defective product. *Id.* The district court rejected this argument, concluding that Johnson & Johnson did not have "the type of special relationship" with consumers generally, or plaintiff specifically, that created an affirmative duty to disclose. *Id.*

Here, Plaintiff's Complaint does not contain allegations sufficient to support a conclusion

that Defendants had an affirmative duty to disclose information about manufacturing defects to Plaintiff. Absent such allegations, Defendants' "silence" does not amount to fraudulent concealment.

For the reasons set forth above, Plaintiff's claims are time barred by the relevant statutes of limitations. Defendants' Motions to Dismiss Plaintiffs claims will be granted without prejudice.

An appropriate order follows.

**Date:   October 4, 2018**                                **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**_____**
**WENDY BEETLESTONE, J**